989 F.2d 496
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marcus Whitney DIXON, Defendant-Appellant.
 No. 92-5298.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 30, 1992
Decided: March 17, 1993
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Sr., District Judge. (CR-91-83-G)
 E. Raymond Alexander, Jr., Susan Hayes, Greensboro, North Carolina, for Appellant.
 Robert H. Edmunds, Jr., United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before HALL and WILKINSON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Marcus Whitney Dixon appeals from his conviction under 21 U.S.C.A. §§ 841(a)(1), (b)(1)(A), 846 (West 1981 & Supp. 1992). Dixon was sentenced to seventy-nine months imprisonment, followed by five years of supervised release. Dixon's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting that no meritorious issues exist for appeal. Dixon was served a copy of the brief and notified of his right to file a supplemental brief, which he has done. The record has been completely and independently reviewed in accordance with Anders. Because Dixon's attorneys were correct in finding no meritorious appellate issues, we affirm.
 
 
 2
 Dixon contends in his supplemental brief that the district court incorrectly applied the United States Sentencing Guidelines. Dixon's contention is based on his belief that the evidence proving his involvement in the drug conspiracy with which he was charged was insufficient to establish his responsibility for 2551.5 grams of cocaine. Dixon's contention is without merit. The evidence fully supports the stipulation between the Government and Dixon that he would be held responsible for 2551.5 grams of cocaine. The district court properly calculated his offense category at twenty-eight. U.S.S.G. § 4D1.1. Because Dixon had no previous criminal convictions, his criminal history category was properly calculated to be category I. U.S.S.G. Chap. 5, Part A. No adjustments or departures were requested or appropriate. Dixon was sentenced at the low end of the applicable guideline range.
 
 
 3
 Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C.A. § 3006A (West 1985 & Supp. 1992)), this Court requires that counsel inform their client, in writing, of his right to petition the Supreme Court for further review. If requested by their client to do so, counsel should prepare a timely petition for a writ of certiorari. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED